UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 22-2052-DMG (KKx) | Date | January 26, 2023 |
| Title | Paul Sielski, et al. v. BPS Direct, LLC, et al. | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:** IN CHAMBERS—ORDER RE MOTION TO REMAND [11]

Plaintiffs Paul Sielski, Chris Fairless, and Kenneth Johnson have filed a Motion to Remand ("MTR"). [Doc. # 11.] The MTR is fully briefed. [*See* Doc. ## 22 ("Opp."), 23 ("Reply").] Having carefully considered the parties' arguments, the Court **GRANTS** the MTR.

**I.**
**PROCEDURAL AND FACTUAL BACKGROUND**

On May 3, 2019, Allan Candelore and Steve Frye filed a complaint in San Bernardino County Superior Court, asserting claims for violation of California's Unruh Civil Rights Act, Cal. Civ. Code sections 51 and 51.5. [Doc. # 1-2 at 67.][1] Candelore and Frye, who identify as men, alleged that "Ladies' Day Out" promotional events held on April 28, 2018 and March 30, 2019, at Bass Pro stores operated by Defendants violated California's anti-discrimination statutes. *Id*. at ¶¶ 2-6. Candelore and Frye asserted their claims on behalf a proposed class of "All Bass Pro Shop male patrons who were treated unequally based on their sex" during the events at specific stores in California. *Id*. at ¶ 25.

On October 22, 2019, Sielski filed a separate complaint, asserting claims for violations of (1) the Unruh Act, Cal. Civ. Code sections 51, 51.5, and 51.6, (2) California's False Advertising Law, Cal. Bus. & Prof. Code section 17500 *et seq.*, and (5) negligence, arising out of the 2019 Ladies' Day Out event. [Doc. # 1-2 at 196.] Sielski asserted his claims on behalf of "[a]ll Bass Pro Shop male and non-binary patrons who were treated unequally based on their sex" during the 2019 event at the same California stores. *Id*. at ¶ 16.

The Candelore and Sielski cases were consolidated by an order issued June 24, 2020. [Doc. # 1-2 at 315.] On October 14, 2021, Candelore, Frye, and Sielski filed a consolidated First

---

[1] Page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 22-2052-DMG (KKx) | Date | January 26, 2023 |
| Title | *Paul Sielski, et al. v. BPS Direct, LLC, et al.* | Page | 2 of 6 |

Amended Complaint ("FAC"), in which they asserted claims for violations of the Unruh Act, the False Advertising Law, and negligence. [Doc. # 1-3 at 282 ("FAC").] The FAC asserted claims on behalf of the named plaintiffs and "[a]ll Bass Pro Shop male and nonbinary persons, including, but not limited to, gay, transgender, African-American, Latino, Asian-American, American Indian, elderly, minor, and disabled male and nonbinary patrons, whom Defendants treated unequally or discriminated against based on the patrons' sex" during the 2018 and 2019 Ladies' Day Out events. *Id*. at ¶ 63. The FAC alleges that there were "hundreds" of male and non-binary customers inside Defendants' stores during the promotions, and "at least scores" who were present at allegedly discriminatory seminars and demonstrations that were part of the promotions. *Id.* at ¶ 64(a). The plaintiffs therefore alleged that "the Class is believed to include at least scores of members." *Id*.

On February 24, 2022, Plaintiffs sent Defendants a settlement email in which they estimated the size of the class at approximately 3,000 men who bought something at one of the four stores in question on the date of the 2018 and 2019 Ladies' Day Out events. The email explained that this estimate was based on a list of names of individuals who purchased items in the Bass Pro stores at issue on the day of the Ladies' Day Out events in 2018 and 2019, of whom Plaintiffs say they identified "an estimated 3,216 male-like names." Plaintiffs therefore estimated that, based on the Unruh Act's provision for $4,000 per violation in statutory damages, their damages would be approximately $12,000,000. *See* Williams Decl. ¶ 8, Ex. B [Doc. # 11-2].

On June 17, 2022, Candelore and Frye dismissed their claims with prejudice. [Doc. # 1-3 at 335.]

In September 2022, Plaintiffs filed a motion for leave to file a Second Amended Complaint ("SAC") in state court, and on October 6, 2022, the parties stipulated to permit the Plaintiffs to file their SAC. The SAC was filed on October 14, 2022. *See* Williams Decl. ¶¶ 10-12. The SAC adds Fairless and Johnson as plaintiffs, drops the negligence claim, and asserts that "the class is believed to number over one hundred members." *See* SAC ¶ 28(a) [Doc. # 1-1]. The SAC's proposed class definition also explicitly adds:

> [T]hose male (i.e. men, guys) and non-binary persons who saw Defendants' advertisements [for Ladies' Day Out] and chose not to attend the "Ladies Day Out' events, and those male (i.e. men, guys) who actually visited Defendants' stores in California during the "Ladies Day Out" events.

*Id.* at ¶ 27.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 22-2052-DMG (KKx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | *Paul Sielski, et al. v. BPS Direct, LLC, et al.* | Page | 3 of 6 |

On November 17, 2022, Defendants removed this action to this Court, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On December 12, 2022, Plaintiffs timely moved to remand, on the basis that Defendants' removal was untimely.

## II.
## LEGAL STANDARD

There are two 30-day periods for removing a case to federal court. 28 U.S.C. § 1446(b); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). First, defendants have 30 days to remove an action when its removability is clear from the face of the "initial pleading." *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin.'"). Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date that it receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

## III.
## DISCUSSION

As relevant here, CAFA permits a defendant to remove a class action in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). The issue in this case is when Defendants became aware that the amount in controversy in this action was greater than $5,000,000. Plaintiffs contend that their February 24, 2022 settlement demand made that apparent, and was an "other paper" that triggered Defendants' right to remove. Defendants contend that Plaintiffs' settlement demand was unreasonable, and therefore did not trigger their right to remove. In the alternative, Defendants argue that even if Plaintiffs' settlement demand did trigger their right to remove, the filing of the SAC revived that right.[2]

---

[2] Plaintiffs also argue in their MTR that their motion to file the SAC put Defendants on notice that the case was removable. They appear to abandon this argument in their Reply, and the Court therefore treats the argument as conceded. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013) (deeming failure to oppose an argument as concession of the issue). In general, "removal jurisdiction based on an amended pleading arises only after the subsequent pleading becomes operative." *Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1204 (N.D. Cal. 2000) (citing *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998)). In light of Plaintiffs' concession, the Court does not address this proposed basis for finding removal untimely.

UNITED STATES DISTRICT COURT       JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 22-2052-DMG (KKx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | *Paul Sielski, et al. v. BPS Direct, LLC, et al.* | Page | 4 of 6 |

### A.  Settlement Demand

"[A] demand letter sent during the course of the state court action can constitute 'other paper' within the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (citing *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007)).  To support removal, the estimate of damages must be more than a "bold and optimistic prediction." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000); *see also Treadwell v. IPC Int'l Corp.*, No. CV 05-06086-MMM (JWJx), 2006 WL 8446681, at *9 (C.D. Cal. Jan. 12, 2006) (a proposal of a lump-sum settlement amount without any details about how the amount will be allocated among parties or claims or different categories of losses does not show that the settlement demand was realistic).

Defendants contend that Plaintiffs' settlement demand was mere posturing.  They argue that Plaintiffs' estimate that the class was comprised of approximately 3,000 men was unreasonable, because this number was unrelated to the allegations of discrimination in the FAC.  The Court disagrees.  Plaintiffs' settlement demand clearly explains the basis for Plaintiffs' estimate of the value of their claims: they cite to specific evidence produced in discovery from which they deduced the number of potential class members, and multiply that number of class members by the amount of statutory damages available under the Unruh Act. *Cf. Gonzalez v. Costco Wholesale Corp.*, No. ED CV 21-1140-JBG (KKx), 2021 WL 4916608, at *4 (C.D. Cal. Oct. 21, 2021) (demand letter did not trigger timeline for removal where the letter sought $95,000, but counsel was unable to support this request with specific basis for damages when asked).

Defendants argue that the FAC asserts claims only on behalf of men and non-binary persons who actually attended Ladies' Day Out events and were denied the full benefits of attendance, rather than all men and non-binary persons who were in the Bass Pro shops in question on the day of the events. *See* Opp. at 11.  But the FAC's allegations are not so overbroad.  The individuals who Plaintiffs identify as potential class members—i.e., individuals with "male-like names" who purchased items in a Bass Pro shop on the day of a Ladies' Day Out event—are all plausibly class members based on the allegations in the FAC. *See, e.g.*, FAC ¶¶ 11 (alleging that Frye "visited Defendants' Bass Pro Shops store on April 28, 2018 with the intent to buy one or more of Defendants' goods or services and encountered the above women-only terms or conditions that excluded him from full and equal access to Defendants' goods or services"), 3 (raffle at conclusion of Ladies' Day Out demos was only open to female patrons), 6 (giveaway sweepstakes open only to women), 10 (free gift available only to "the ladies").  Because Plaintiffs' settlement demand constituted a reasonable estimate of the value of their

UNITED STATES DISTRICT COURT                JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 22-2052-DMG (KKx)** | Date | January 26, 2023 |
| Title | ***Paul Sielski, et al. v. BPS Direct, LLC, et al.*** | Page | 5 of 6 |

claims, the Court concludes that it triggered the deadline for Defendants to remove.[3] Plaintiffs' failure to remove within 30 days of the delivery of the settlement demand therefore renders removal untimely.

**B.      Revival Exception**

Defendants argue that even if the settlement demand triggered their deadline to remove, the "so-called 'revival exception'" applies, because Plaintiffs' filing of the SAC so fundamentally changed the nature of their case "as to constitute substantially a new suit begun that day." *See Dunn v. Gaiam, Inc.*, 166 F. Supp. 2d 1273, 1279 (C.D. Cal. 2001) (citing *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989)).

Although the Ninth Circuit has not addressed the revival exception, other circuits have recognized the exception where an amended pleading so substantially alters the nature of the case that a defendant who had previously waived removal is re-afforded the opportunity to remove. *See, e.g., Johnson v. Heublein Inc.*, 227 F.3d 236, 241-42 (5th Cir. 2000); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) ("[W]e have no occasion to decide whether to join other circuits in recognizing a 'revival exception.'").

Plaintiffs' SAC clearly adds a new theory of discrimination: discriminatory advertising. In the SAC, Plaintiffs assert that "prior to and on Saturday, March 30, 2019," Defendants "advertised [the Ladies' Day Out events] to the public by means of postal mailers, emails, webpages, social media postings, test [sic] messages, banners, flyers, etc." SAC ¶ 14. They assert that "many thousands" of California residents saw these advertisements. *Id*. The class definition in the SAC includes men and non-binary individuals who saw Defendants' advertisements and did not attend the Ladies' Day Out events. *Id*. at ¶ 27.

This change could change Defendants' potential exposure, as it may include a larger number of class members. It also changes Plaintiffs' theory of the case somewhat, and will alter discovery. Still, Defendants cite to no caselaw for the idea that new allegations that potentially expand the proposed class and expand—but do not fundamentally change—the plaintiffs' theory of the case is significant enough to revive the right of removal. *Cf. Ross v. Goodyear Tire & Rubber Co.*, No. CV 02-0553 ELM/KBM, 2002 WL 35649784, at *1 (D.N.M. Aug. 7, 2002) (holding that amended complaint revived right of removal where the plaintiff's claim had originally been asserted as part of a class action but her individual claim was severed after she

---

[3] Defendants' argument that Plaintiffs' previous demand for $750,000 renders their $12 million demand unreasonable is also unpersuasive. That demand was made much earlier in the case, before the filing of the FAC, and without any basis for calculation that appears in the record.

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 22-2052-DMG (KKx) | Date | January 26, 2023 |
| Title | *Paul Sielski, et al. v. BPS Direct, LLC, et al.* | Page | 6 of 6 |

was defined out of the class); *Mobasser v. Travelers Cas. Ins. Co. of Am.*, No. CV 13-02567-DMG (CWx), 2013 WL 12142942, at *3 (C.D. Cal. June 13, 2013) (denying motion to remand action that was actually filed as a new action, but noting that the revival exception might have applied had it been filed as an amendment to a previously-filed action). The changes effectuated by the SAC are merely incremental, not transformative.

Because the Court concludes that Plaintiffs' SAC does not so substantially alter the nature of Plaintiffs' claims as to constitute essentially a new suit, the filing of the SAC did not revive Defendants' right to remove.

## IV.
## CONCLUSION

In light of the foregoing, Plaintiffs' MTR is **GRANTED**. The January 27, 2023 hearing on this matter is **VACATED**. Because Defendants' Notice of Removal was not objectively unreasonable, the Court **DENIES** Plaintiffs' request for attorneys' fees.

This action is **REMANDED** to the San Bernardino County Superior Court. Defendants' pending motion to dismiss [Doc. # 19] is **DENIED, without prejudice, as moot**. The January 27, 2023 hearing is **VACATED**.

**IT IS SO ORDERED**.